**ALL NATIONS TRADING COMPANY, Inc., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21164.**

United States Court of Appeals
Fifth Circuit.

Nov. 24, 1964.

Adam G. Adams, II, Jacksonville, Fla., for appellant, McCarthy, Adams & Foote, Jacksonville, Fla., of counsel.

Charles S. Carrere, Asst. U. S. Atty., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., Middle Dist. of Florida, for appellee.

Before TUTTLE, Chief Judge, and JONES and GEWIN, Circuit Judges.

PER CURIAM.

The appellant complains of a verdict and judgment of guilty on a 10-count indictment, by which it was charged with violation of the automobile information disclosure act, Sections 1231–1233, Title 15 U.S.C.A.

■ Appellant's criticism of the trial court's admission of certain documents in evidence on the ground that they do not wholly satisfy the requirements of the business records statute, 28 U.S.C.A. § 1732(a), overlooks the fact that by testimony, either brought out by appellant in cross examination or testified to without objection, demonstrates that the documents bore the signature of the president of appellant corporation and were in the one instance delivered to the witness producing them by the appellant after receipt of the automobiles, and in the other case were actually prepared by the appellant. Under these circumstances the documents were admissible without proof that they had been made by the business from whose records they were obtained.

■■ If it was error for the trial court to admit opinion testimony to the effect that the automobiles were new rather than used, this would not be prejudicial error because of the much clearer indication of the new status by reason of their being designated as such on the face of documents that bore the signature of the appellant. Moreover, on cross examination by appellant's counsel, the customs official was permitted to answer that they were considered as new for tariff purposes. This fact having been brought out by the appellant, can not now be objected to as being irrelevant to the issue of new versus used.

■ In light of the testimony of the president of appellant, the jury was permitted to believe that he not only knew of the statutory requirements, if that be necessary, but that he wilfully violated the statute by his admitted failure to affix the required statement at the port of entry.

The judgment of the trial court is affirmed.